BOREN, OSHER & LUFTMAN LLP
Stephen Z. Boren (SBN 192024)
sboren@bollaw.com
Lance M. Williams (SBN 282508)
lwilliams@bollaw.com
222 North Pacific Coast Highway,
Suite 2222
El Segundo, CA 90245
Telephone: (310) 322-2021
Facsimile: (310) 322-2228

Attorneys for Defendant,
DAVID A. WHITAKER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL SIGLER, INC., a New Mexico Corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>DAVID A. WHITAKER, an individual,<br><br>      Defendant. | Case No.: 8:18-cv-01889-AG-DFM<br><br>**DEFENDANT DAVID A. WHITAKER'S ANSWER TO COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed:   October 19, 2018 |

Defendant David A. Whitaker ("Defendant") hereby answers the Complaint filed by Plaintiff Russell Sigler, Inc. ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. Answering paragraph 1, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

2. Answering paragraph 2, Defendant admits that he is a citizen of the State of California and resides in Orange County. Except as so admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

## THE PARTIES

3. Answering paragraph 3, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

4. Answering paragraph 4, Defendant admits the allegations contained therein.

5. Answering paragraph 5, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

6. Answering paragraph 6, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

7. Answering paragraph 7, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

8. Answering paragraph 8, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

9. Answering paragraph 9, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

**David Whitaker Executes Sigler's Employment and Compensation Agreement for Commercial Sales, as well as Agrees to Confidentiality**

10. Answering paragraph 10, Defendant admits that he was a former employee of Plaintiff in the position of Sales Engineer. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

11. Answering paragraph 11, Defendant admits the allegations contained therein.

12. Answering paragraph 12, Defendant admits that he received training from Sigler.  Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

13. Answering paragraph 13, Defendant admits that he received training from Sigler. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

14. Answering paragraph 14, Defendant admits that he gained knowledge during his employment with Plaintiff. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

15. Answering paragraph 15, Defendant admits that he gained knowledge during his employment with Plaintiff. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

## The Agreement is Binding

16. Answering paragraph 16, Defendant admits that he signed the Agreement. Except as admitted, Defendant denies each and every allegation contained therein.

17. Answering paragraph 17, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

18. Answering paragraph 18, Defendant admits that the Agreement contains some of the language quoted from Section 5.1. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

19. Answering paragraph 19, Defendant admits that the Agreement contains the language quoted from Section 5.2. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

20. Answering paragraph 20, Defendant admits that the Agreement contains the language quoted from Section 5.4. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

21. Answering paragraph 21, Defendant admits that the Agreement contains the language quoted from Section 5.5. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

22. Answering paragraph 22, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

23. Answering paragraph 23, Defendant admits that Plaintiff trained him, and granted him increasing levels of responsibility to some degree. Except as admitted, Defendant is without sufficient information or belief to enable him to answer the

allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

**Mr. Whitaker was Conveying Trade Secret Information to a Competitor**

24. Answering paragraph 24, Defendant admits that he received training and knowledge from Sigler, knowledge. Except as admitted, Defendant denies each and every allegation contained therein.

25. Answering paragraph 25, Defendant admits the allegations contained therein.

26. Answering paragraph 26, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

27. Answering paragraph 27, Defendant denies each and every allegation contained therein.

28. Answering paragraph 28, Defendant denies each and every allegation contained therein.

29. Answering paragraph 29, Defendant denies each and every allegation contained therein.

30. Answering paragraph 30, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

31. Answering paragraph 31, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

32. Answering paragraph 32, Defendant denies each and every allegation contained therein.

33. Answering paragraph 33, Defendant denies each and every allegation contained therein.

# FIRST CLAIM

## Misappropriation of Trade Secrets (Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836)

34. Answering paragraph 34, Defendant realleges and incorporates by reference herein all of the responses set forth in the preceding paragraphs as though fully set forth herein.

35. Answering paragraph 35, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

36. Answering paragraph 36, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

37. Answering paragraph 37, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

38. Answering paragraph 38, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

39. Answering paragraph 39, Defendant denies each and every allegation contained therein.

40. Answering paragraph 40, Defendant denies each and every allegation contained therein.

41. Answering paragraph 41, Defendant denies each and every allegation contained therein.

42. Answering paragraph 42, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

DEFENDANT DAVID A. WHITAKER'S ANSWER TO COMPLAINT

43. Answering paragraph 43, Defendant denies each and every allegation contained therein.

44. Answering paragraph 44, Defendant denies each and every allegation contained therein.

45. Answering paragraph 45, Defendant denies each and every allegation contained therein.

## SECOND CLAIM

### Misappropriation of Trade Secrets (Violation of Cal. Civ. Code. §§ 3426 et seq.)

46. Answering paragraph 46, Defendant realleges and incorporates by reference herein all of the responses set forth in the preceding paragraphs as though fully set forth herein.

47. Answering paragraph 47, Defendant denies each and every allegation contained therein.

48. Answering paragraph 48, Defendant admits that he gained access to Plaintiff's information by his employment therewith. Except as admitted, Defendant denies each and every allegation contained therein.

49. Answering paragraph 49, Defendant denies each and every allegation contained therein.

50. Answering paragraph 50, Defendant denies each and every allegation contained therein.

## THIRD CLAIM

### Breach of Contract

51. Answering paragraph 51, Defendant realleges and incorporates by reference herein all of the responses set forth in the preceding paragraphs as though fully set forth herein.

52. Answering paragraph 52, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

53. Answering paragraph 53, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

54. Answering paragraph 54, Defendant denies each and every allegation contained therein.

55. Answering paragraph 55, and all subsections thereof, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

56. Answering paragraph 56, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

57. Answering paragraph 57, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

## FOURTH CLAIM

### Tortious Interference with Contract

58. Answering paragraph 58, Defendant realleges and incorporates by reference herein all of the responses set forth in the preceding paragraphs as though fully set forth herein.

59. Answering paragraph 59, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

60. Answering paragraph 60, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

61. Answering paragraph 61, Defendant denies each and every allegation contained therein.

DEFENDANT DAVID A. WHITAKER'S ANSWER TO COMPLAINT

62. Answering paragraph 62, Defendant denies each and every allegation contained therein.

63. Answering paragraph 63, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

64. Answering paragraph 64, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

## FIFTH CLAIM

### Intentional Interference with Prospective Economic Advantage

65. Answering paragraph 65, Defendant realleges and incorporates by reference herein all of the responses set forth in the preceding paragraphs as though fully set forth herein.

66. Answering paragraph 66, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

67. Answering paragraph 67, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

68. Answering paragraph 68, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

69. Answering paragraph 69, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

## SIXTH CLAIM

### Unfair Competition (Violation of Cal. Bus. & Prof. Code §§ 17200 et seq.)

70. Answering paragraph 70, Defendant realleges and incorporates by reference herein all of the responses set forth in the preceding paragraphs as though fully set forth herein.

71. Answering paragraph 71, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

72. Answering paragraph 72, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

73. Answering paragraph 73, Defendant denies each and every allegation contained therein.

74. Answering paragraph 74, Defendant denies each and every allegation contained therein.

75. Answering paragraph 75, Defendant denies each and every allegation contained therein.

76. Answering paragraph 76, Defendant denies each and every allegation contained therein.

77. Answering paragraph 77, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

## SEVENTH CLAIM

### Declaratory Relief

78. Answering paragraph 78, Defendant realleges and incorporates by reference herein all of the responses set forth in the preceding paragraphs as though fully set forth herein.

DEFENDANT DAVID A. WHITAKER'S ANSWER TO COMPLAINT

79. Answering paragraph 79, Defendant is without sufficient information or belief to enable him to answer the allegations contained therein and basing his denial on that ground, denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint, Defendant alleges the following additional affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

1. Plaintiff's claims are barred on the ground that they fail to allege facts sufficient to constitute a cause of action.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Failure to State Facts Upon Which Relief Can be Granted)**

2. Plaintiff's claims are barred because they fail to state facts upon which relief can be granted as against Defendant.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Justification/Privilege)**

3. Defendant's actions in this case were justified, privileged, and/or undertaken pursuant to the terms of the applicable laws and regulations.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Waiver)**

4. Plaintiff is barred from seeking any recovery from Defendant based on the equitable doctrine of waiver.

### **FIFTH AFFIRMATIVE DEFENSE**
### **(Unclean Hands)**

5. Plaintiff is barred from seeking any recovery from Defendant based on the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

6. Plaintiff is barred from recovery of damages from Defendant because Plaintiff has not suffered any damages as a result of any actions taken by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

7. Plaintiff cannot recover as against Defendant because Defendant acted in good faith and reasonably at all times material herein, based on all facts, law and circumstances known to Defendant at the time.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8. Plaintiff is barred from recovery based on his failure to mitigate damages, assuming any damages were suffered by Plaintiff, which Defendant expressly denies.

## NINTH AFFIRMATIVE DEFENSE

### (No Damages Proximately Caused)

9. The acts or omissions of Plaintiff, other third parties and/or other intervening or superseding acts, were the proximate cause of Plaintiff's alleged damages, if any, and Plaintiff is thereby barred and precluded from recovering from Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

10. Plaintiff would be unjustly enriched if he recovered any damages from Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment of Damages, If Any)

11. To the extent that Plaintiff has suffered any losses, damages and/or harm—which Defendant expressly denies—such losses, damages and/or harm were proximately caused, contributed to and/or initiated by persons and/or entities other than Defendant, and the liability of Defendant, if any, should be reduced accordingly.

## TWELFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

12. Defendant alleges that Plaintiff is barred from recovery on the ground that any damages allegedly suffered by Plaintiff —which Defendant expressly denies—are purely speculative.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault—Conduct of Plaintiff)

13. Defendant alleges that any and all events and happenings in connection with the allegations contained in the Complaint were proximately caused and contributed to by the negligence and other legal fault of Plaintiff, and if Plaintiff recovers any sum whatsoever herein, such amount must be reduced in proportion to the extent that Plaintiff's own negligence and other legal fault proximately caused and contributed to Plaintiff's claimed injuries and damages, and if there is a verdict in favor of Plaintiff against Defendant, said verdict should be in proportion to Defendant's pro rata responsibility.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault—Conduct of Third Parties)

14. Defendant alleges that if it should be found that Defendant is in any manner legally responsible for Plaintiff's injuries or damages, which Defendant expressly denies, and if such injuries incurred or suffered by Plaintiff were proximately caused or contributed to by other persons or entities not parties to this action, then it is necessary that the proportionate degree of fault of each of said persons or entities, whether made parties to this action or not, be determined and prorated, and that any judgment that might be rendered against Defendant, be reduced, not only by that degree of negligence and/or assumption of risk found to exist as to Plaintiff, but also by the degree of negligence and/or fault found to exist as to all such other persons and/or entities.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

15. Plaintiff's claims are barred because Plaintiff ratified the acts and conduct

which are the subject of the action.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Mutual Assent)

16. Defendant alleges that any contract or agreement between Plaintiff and Defendant fails for lack of mutual assent.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Consideration)

17. Defendant alleges that any contract or agreement between Plaintiff and Defendant fails for lack of consideration.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Basis for Punitive Damages)

18. The Complaint fails to state facts sufficient to support the recovery of punitive or exemplary damages.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Reasonableness)

19. Defendant alleges that Plaintiff is not entitled any damages because Defendant acted reasonably at all times relevant to this action.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Performance by Defendant)

20. Defendant alleges that Plaintiff cannot establish a breach of any contracts or agreements between Plaintiff and Defendant as Defendant fully performed any obligations he had under such agreements, if any.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Offset)

21. Defendant alleges that any amount to be recovered by Plaintiff in this action is barred, in whole or in part, due to the amount Plaintiff owes Defendant by virtue of, among other conduct, Plaintiff's numerous violations of the California Labor Code.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Compliance)

22. Defendant alleges that the activities of Defendant were in compliance with all applicable statutes, governmental regulations, and industry standards at the time alleged in the Complaint, and therefore, Defendant is absolved from any liability in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Readily Ascertainable)

23. Defendant alleges that trade secrets asserted by Plaintiff, if any, are readily ascertainable by proper means. (See e.g., *DVD Copy Control Ass'n, Inc. v. Bunner* (2003) 31 Cal.4th 864, 899 (J. Moreno concur. opn.).)

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Laches/Estoppel)

24. As a separate defense to the Complaint and each cause of action therein, Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches and/or estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

25. As a separate defense to the Complaint and each cause of action therein, this action is barred by the statutes of limitation in the Code of Civil Procedure including but not limited to Code of Civil Procedure sections 337, 338, 339, 340 and 343 and each pertinent subsection.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Public Policy)

26. As a separate defense to the Complaint and each cause of action therein, this action is barred by public policy.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Trade Secrets)

27. Defendant alleges that Plaintiff has no "trade secrets" as that term is defined in 18 U.S.C. section 1839 or California Civil Code section 3426.1. Defendant alleges that Plaintiff has no secret information, that Plaintiff did not take reasonable measures to keep any such information secret, and that any such information did not derive independent economic value from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Misappropriation of Trade Secrets)

28. Defendant has not misappropriated any trade secrets from Plaintiff.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Confidential or Proprietary Information)

29. As a separate defense to the Complaint and each cause of action therein, this action is barred as to Defendant because Plaintiff has no confidential information or proprietary information.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Claims Superseded by CUTSA)

30. The California Uniform Trade Secrets Act provides the exclusive civil remedy for conduct falling within its terms and supersedes other civil remedies based upon alleged misappropriation of trade secrets.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Privilege to Compete for Same Customers and Employees)

31. The Complaint, and each and every purported cause of action contained therein, is barred against Defendant because one may compete for an advantageous economic relationship, including the same customers and employees, with a third party as long as one does not act illegally.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Interstate or Foreign Commerce)

31. The First Cause of Action for Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act is barred because Plaintiff has no trade secrets relating to products or services that are intended for use in interstate or foreign commerce.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Insufficient Knowledge)

32. Defendant has insufficient knowledge or information upon which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available, and Defendant reserves the right to assert such additional defenses in the event discovery, investigation, or analysis indicate the need for same.

## PRAYER FOR RELIEF

WHEREFORE, having completely and fully provided his Answer to the Complaint, Defendant therefore also denies all of Plaintiff's prayer for relief.

Defendant prays for a judgment that Plaintiff takes nothing under his Complaint as against Defendant; that judgment be entered forthwith against Plaintiff and in favor of Defendant; and that Defendant be awarded his costs of suit, reasonably attorney's fees as permitted by law, and such other further and different relief as the Court deems just and proper.

Dated: November 21, 2018                    BOREN, OSHER & LUFTMAN LLP

/s/ Stephen Z. Boren
Stephen Z. Boren
Lance M. Williams
Attorneys for Defendant,
David A. Whitaker

## **DEMAND FOR JURY TRIAL**

Cross-Complainant, DAVID WHITAKER, hereby demands a jury trial on all causes of action so triable.

Dated: November 21, 2018

BOREN, OSHER & LUFTMAN LLP

/s/ Stephen Z. Boren
Stephen Z. Boren
Lance M. Williams
Attorney for Defendant and Cross-Complainant, David A. Whitaker

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age and am not a party to this action. My business address is 222 North Pacific Coast Highway, Suite 2222, El Segundo, CA 90245.

On November 21, 2018, I served the document(s) as described below on interested parties in this action as follows:

**DEFENDANT DAVID A. WHITAKER'S ANSWER TO COMPLAINT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at El Segundo, California, addressed as set forth below.

☒ electronically by using the Court's ECF/CM System.

| | |
|---|---|
| J. David Bournazian, Esq.<br>Tyler R. Andrews, Esq.<br>GREENBERG TRAURIG, LLP<br>3161 Michelson Drive, Suite 1000<br>Irvine, CA 92612<br>bournaziand@gtlaw.com<br>andrewst@gtlaw.com<br>Telephone: 949-732-6500<br>Facsimile: 949-732-6501 | Attorneys for Plaintiff RUSSEL SIGLER, INC. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 21, 2018, at El Segundo, California.

/s/ Hanna Lee